UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|
| Case No. | CV 20-4569 PSG (MRWx) | Date August 27, 2020 |
| Title | Derrell Anderson v. Cindys Cleaning Services LLC et al. | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** The Court GRANTS the motion to remand

Before the Court is a motion to remand filed by Plaintiff Derrell Anderson ("Plaintiff"). *See* Dkt. # 15 ("*Mot.*"). Defendant ABM Industries Incorporated ("ABM" or "Defendant") has opposed. *See* Dkt. # 22 ("*Opp.*"). Plaintiff replied. *See* Dkt. # 26 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** the motion.

I.   Background

Plaintiff is employed by Defendant Cindy Cleaning Services LLC dba Cyndy's Cleaning Services LLC ("Cindys") as a janitor. *See Complaint*, Dkt. # 1-1 ("*Compl.*"), ¶ 4. Plaintiff has been employed by Cindys as a janitor since August 2019. *See id.* Cindys provides cleaning and janitorial services for various venues, such as stadiums. *See id.* ¶ 5. ABM also provides various services for various industries, and outsources janitorial services to third-parties such as Cindys. *See id.* ¶ 6. ABM is then paid by the clients for whom the janitorial services were rendered, and subsequently issues payment to Cindys. *See id.* Plaintiff alleges that ABM keeps all timesheets signed by employees who perform the services, including those directly employed by Cindys, and that Cindys and ABM were Plaintiff's joint employers. *See id.* Cindys and ABM allegedly violated numerous provisions of California law with respect to Plaintiff and similarly-situated employees. *See id.* ¶¶ 15–25.

Plaintiff filed suit in Los Angeles County Superior Court on April 3, 2020, against Cindys and ABM. *See generally id.* Plaintiff brought the action on behalf of a putative class consisting of "all individuals who worked for Defendants in a California location in a non-exempt janitorial position through Defendant Cindys" during the period of four years prior to the filing of the complaint. *See id.* ¶¶ 1, 26. Plaintiff brings the following causes of action:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4569 PSG (MRWx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Derrell Anderson v. Cindys Cleaning Services LLC et al. | | |

First Cause of Action: Failure to pay all wages owed, including minimum wage and overtime. *Id.* ¶¶ 33–42.

Second Cause of Action: Failure to provide meal periods or premium compensation in lieu thereof. *Id.* ¶¶ 43–50.

Third Cause of Action: Failure to provide rest periods or premium compensation in lieu thereof. *Id.* ¶¶ 51–55.

Fourth Cause of Action: Failure to provide accurate itemized wage statements and maintain records. *Id.* ¶¶ 56–65.

Fifth Cause of Action: Failure to pay wages due upon termination of employment. *Id.* ¶¶ 66–71.

Sixth Cause of Action: Unfair or unlawful business practices. *Id.* ¶¶ 72–86.

Seventh Cause of Action: Violation of the Private Attorneys General Act. *Id.* ¶¶ 87–95.

On May 21, 2020, ABM removed the action to this Court. *See Notice of Removal*, Dkt. # 1 ("*NOR*"). ABM removed pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1446(b), 1453, 1711. *See generally id.* To satisfy CAFA's jurisdictional requirements, ABM asserted that the proposed class contained at least 400 members, *see id.* ¶¶ 25–26, that diversity of citizenship exists because ABM is a citizen of New York and Delaware, while Plaintiff is a citizen of California, *see id.* ¶¶ 20–23, and the amount in controversy exceeds $5 million, *see id.* ¶¶ 28–60. Although Plaintiff's complaint asserts that the penalties recoverable amongst the class do not exceed $5 million, the complaint does not expressly plead a specific amount of damages sought. *See Compl.* ¶ 10, *Prayer for Relief*. Accordingly, ABM calculated its own estimate of potential damages based on Plaintiff's allegations. *See NOR* ¶¶ 28–60.

Plaintiff moves to remand the action. *See generally Mot*.

II.    Legal Standard

    A.    Motion to Remand

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4569 PSG (MRWx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Derrell Anderson v. Cindys Cleaning Services LLC et al. | | |

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

    B.    CAFA

CAFA provides federal jurisdiction over class actions in which (1) the amount in controversy exceeds $5 million, (2) there is minimal diversity between the parties, and (3) the number of proposed class members is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Under CAFA, a defendant removing a case must file a notice of removal containing a "short and plain statement of the grounds for removal." *Dart Cherokee*, 135 S. Ct. at 553. Additionally, the Supreme Court has clarified that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless the defendant's assertion is contested by the plaintiff. *Id.* at 554. Where, as here, a defendant's asserted amount in controversy is contested, "[e]vidence establishing the amount is required." *Id.* "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 550. "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197. Under this system, a defendant may rely on "reasonable assumptions" to assert that the claims meet the amount-in-controversy requirement. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Ibarra*, 775 F.3d at 1197–99). As the Ninth Circuit has explained:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4569 PSG (MRWx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Derrell Anderson v. Cindys Cleaning Services LLC et al. | | |

> [I]n assessing the amount in controversy, a removing defendant is permitted to rely on "a chain of reasoning that includes assumptions." Such "assumptions cannot be pulled from thin air but need some reasonable ground underlying them." An assumption may be reasonable if it is founded on the allegations of the complaint.

*Id.* at 925 (quoting *Ibarra*, 775 F.3d at 1198–99).

III. Discussion

The parties do not dispute that there is minimal diversity and class numerosity. *See generally Mot.* Rather, Plaintiff argues that the Court does not have jurisdiction pursuant to CAFA because (1) ABM has not adequately established that more than $5 million is in controversy, and (2) the local controversy exception to CAFA applies. *See generally id.* Because the Court agrees with Plaintiff that ABM has not adequately established the amount in controversy is above the jurisdictional minimum, it does not address whether the local controversy exception applies.

While, under *Dart Cherokee*, Defendant was not required to submit evidence with its notice of removal, because Plaintiff now contests the sufficiency of the amount in controversy, the Court must determine whether the jurisdictional requirement has been satisfied by a preponderance of the evidence. *See Dart Cherokee*, 135 S. Ct. at 554; *Arias*, 936 F.3d at 922. The Court also notes that while the complaint asserts that the penalties recoverable amongst the class do not exceed $5 million, *see Compl.* ¶ 10, this allegation alone does not preclude the Court from exercising jurisdiction under CAFA. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013). The Court first describes Defendant's calculations, and then turns to Plaintiff's specific challenges.

ABM has submitted the declaration of Renato Sotomayor, the Regional Operations Manager for ABM. *See generally Declaration of Renato Sotomayor*, Dkt. # 1-6 ("*Sotomayor Decl.*"). The Sotomayor declaration states that under a Subcontractor Agreement, Cindys agreed to provide janitorial services at sports and entertainment venues pursuant to purchase orders and invoice ABM Industry Groups, LLC according to the hourly rate and number of hours worked by their employees at those venues. *See id.* ¶ 5. The janitorial services performed under the Subcontractor Agreement were primarily "events based," meaning the work was performed on days when there were events at sports and entertainment venues, such as sports games or music concerts. *See id.* It also states that Cindys generally billed ABM Industry Groups between $14.00 and $18.00 per hour for the janitorial services of its employees. *See id.* ¶ 7. Finally, Sotomayor's declaration states that ABM's contract with Cindys began in October 2018, and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4569 PSG (MRWx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Derrell Anderson v. Cindys Cleaning Services LLC et al. | | |

last date any Cindys employee provided services pursuant to the Agreement was March 12, 2020. *See id.* ¶¶ 8, 9. Notably, the declaration does not provide any information about, for example, the number of putative class members, rates of pay, or number of relevant workweeks.

      In making its calculations, ABM relies on several assumptions. First, ABM relies on Plaintiff's complaint's allegation that there are approximately 400 putative class members. *See NOR* ¶ 28; *Compl.* ¶ 28; *Sotomayor Decl.* ¶ 6 ("Based on my knowledge of the work being performed . . . I am informed and believe that all of the Cyndy's employees who performed work . . . were non-exempt employees"). Based on the Sotomayor Declaration explaining that the work was events-based, ABM assumes that each putative class member worked four shifts per week and thirty-five weeks per year. *See NOR* ¶ 35; *Opp.* 10:22–23. ABM assumes in its Notice of Removal an average hourly rate of $16.00. *See NOR* ¶ 38; *see Sotomayor Decl.* ¶ 7. However, in its opposition, ABM revises the hourly rate down to $14.00, based on the minimum wage in Los Angeles for a portion of the class period. *See Opp.* 8–9. ABM's calculations are as follows:

- First cause of action for failure to pay all wages owed, including minimum wage and overtime: Defendant assumes an average of 1.25 hours of uncompensated time for every shift that putative class members worked, and that class members worked one overtime hour during half of their shifts without receiving overtime compensation. *See NOR* ¶¶ 36, 37; *Opp.* 10:5–13. To calculate unpaid straight time, ABM multiplied the number of class members (assuming each class member had an average tenure of one year), by the assumed hourly rate ($14.00), by the assumed average shifts per year (140 shifts per year, which is 4 shifts per week times 35 workweeks per year), by 1.25 hours of straight time owed per shift, for a total of $980,000. *Opp.* 10–11. ABM's overtime calculation totals $196,000. *See id.* ABM calculates a total amount of $1,176,000 in controversy for the straight time and overtime claims. *See id.* 11:5.

- Second and third causes of action for meal and rest period violations: ABM assumes a 50% violation rate, and multiplies the number of class members by the assumed shifts per year and average hourly rate for a total of $392,000 on each claim. *See id.* 12–13.

- Fourth cause of action for failure to comply with California Labor Code § 226 by failing to provide accurate and complete wage statements and failure to maintain payroll records: ABM assumes a 100% violation rate per pay period and assumes 265 putative class members who performed work in the year preceding the filing of the lawsuit. ABM then assumes 15 subsequent violations. ABM thus calculates inaccurate wage statements as follows: 265 putative class members multiplied by $50, for a total initial pay period

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4569 PSG (MRWx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Derrell Anderson v. Cindys Cleaning Services LLC et al. | | |

    violation of $13,250. *See Opp.* 14. For subsequent violations, ABM multiplies 265 putative class members by 15 subsequent pay periods by $100, for a total of $397,500. *See id.* The total on this claim is thus $410,750. *See id.* ABM does not rely on any declarations attesting to the number of wage statements issued in the one-year period, for example.

- Fifth cause of action for waiting time penalties: If an employer fails to pay wages due an employee at the time of termination or within 72 hours after resignation, as required by California Labor Code §§ 201–202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced" for up to a maximum of 30 days. Cal. Lab. Code § 203(a). Thus, ABM asserts that in cases with derivative claims, penalty amounts are calculated by multiplying the number of former employees in the proposed class by thirty days' wages. *See Opp.* 15–16. ABM assumes a 100% violation rate for terminated employees. The Sotomayor Declaration provides that as a result of the coronavirus pandemic, S&E venues for which Cindys provided janitorial services have stopped holding events. *See Sotomayor Decl.* ¶ 9. Accordingly, Cindys has not provided any services pursuant to the Subcontractor Agreement with ABM since March 12, 2020. *See id.* ABM assumes that all 400 class members are potentially owed final wages. *See Opp.* 16. ABM calculates a total of $1,344,000 for this cause of action. *See id.* 17.

    These causes of action total $3,714,750 per ABM's calculations. ABM then estimates $821,500 on the PAGA claim, and $1,134,062.50 in attorneys' fees, which is 25% of the total estimated damages. *See id.* 17–18. ABM's proffered total amount in controversy is $5,670,312.50. *See id.* 19.

    Plaintiff contests ABM's following assumptions as unreasonable and unsupported: (1) the rate of pay; (2) the number of shifts; (3) the employees' tenure; (4) the number of putative class members discharged; and (5) attorneys' fees. *See generally Mot.*; *Reply*.

    First, Plaintiff takes issue with ABM's assumption of an average hourly rate. *See Mot.* 5:6–6:17. ABM's Notice of Removal estimated a $16.00 average hourly rate as a "midpoint" between the hourly rates charged to ABM by Cindys (of between $14.00 and $18.00 per hour). *See NOR* ¶ 38; *Sotomayor Decl.* ¶ 7. However, as Plaintiff points out, this "may be the amount billed by Cindys, but it does not establish what the employees were actually paid per hour and in fact, the hourly amount paid necessarily must be lower since the profit to Cindys would be the difference between the amount paid by ABM and the amount paid to the employees." *See Mot.* 5:20–6:4. In response, ABM revised its calculations for an average hourly rate of $14.00,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4569 PSG (MRWx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Derrell Anderson v. Cindys Cleaning Services LLC et al. | | |

because the minimum wage in the City of Los Angeles exceeded $14.00, where many of the S&E events were held, since July 1, 2019. *See Opp.* 8:15–9:1, n.4.[1] However, Plaintiff challenges this amount by arguing that several of the venues were outside of Los Angeles, *see Sotomayor Decl.* ¶ 3, the minimum wage is below $14.00 in these areas, ABM has not provided information about the minimum wage in these areas, and ABM does not have any evidence of the actual rate of pay of employees.[2] *See Reply* 4–5. Better evidence supporting the rate of pay would be evidence of the *actual* rates of pay of the employees that are the putative class members in this action, or a sampling of the putative class members' pay, or an average rate of pay based on employees' actual pay. ABM has explained that it does not have access to this information, *see generally Sotomayor Decl.* While Defendants are permitted to rely on "reasonable assumptions," such "assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *See Arias*, 936 F.3d at 925; *Ibarra*, 775 F.3d at 1199. Given that the minimum wage was less than $14.00 during the class period prior to July 2019, that numerous employees worked outside of Los Angeles, and that ABM has not relied on any evidence of actual rates of pay, even the assumed $14.00 hourly rate is an assumption that does not appear to have "reasonable ground" under it.

Next, Plaintiff argues that ABM's calculations assume without any reasonable basis an average of 140 shifts per year "regardless of whether there were sports or entertainment events

---

[1] ABM requests that the Court take judicial notice of the historical minimum wages in the City and County of Los Angeles located at https://lacounty.gov/minimum-wage/, and https://wagesla.lacity.org/. Under Federal Rule of Evidence 201, a court may take judicial notice of facts not subject to reasonable dispute because they (1) are generally known within the court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Under Rule 201, the Court "can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015); *Payne v. Manilow*, No. CV 18-3413 PSG (PLAx), 2018 WL 6321638, at *5 (C.D. Cal. Oct. 29, 2018). In addition, Plaintiff has not opposed the request. Accordingly, the Court **GRANTS** the request for judicial notice.

[2] Plaintiff also submits a pay stub provided to Plaintiff by "a co-worker" and employee of Cindys demonstrating pay of $12.00 per hour within the class period. *See Declaration of Katherine J. Odenbreit*, Dkt. # 27 ("*Supp. Odenbreit Decl.*"), ¶ 2, Ex. A. However, counsel does not provide the name of the employee to whom the pay stub allegedly belongs, or other evidence to lay the foundation for this evidence. The Court need not determine whether this evidence is properly considered because it concludes Defendant has not carried its burden without considering this submission.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4569 PSG (MRWx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Derrell Anderson v. Cindys Cleaning Services LLC et al. | | |

during any of those periods in which Cindys employees actually provided janitorial services." *See Mot.* 7:21–8:3. The Sotomayor Declaration establishes that: "[t]he janitorial services performed under the Subcontractor Agreement were primarily 'events based,' meaning the work was performed on days when there were events at the S&E venues, such as baseball or football games or music concerts." *Sotomayor Decl.* ¶ 5. Plaintiff also argues that ABM does not provide evidence or have access to evidence of the tenure of employees, yet ABM guesses at the tenure without reasonable basis. *See Opp.* 10 (assuming 400 class members had a tenure of one year). The Court agrees on both points. Again, a defendant's assumptions must be reasonable. *See Ibarra*, 775 F.3d at 1199. Here, ABM does not have access to employee records. To make up for this, ABM guesses at the tenure of employees and the number of shifts of employees per year. ABM has not offered a reasonable ground on which to assume 140 shifts per year – for instance, it could just as readily be a third of this number. ABM does not offer any response to this argument in its opposition. *See generally Opp*. The number of shifts per year is the kind of assumption "pulled from thin air," that the Ninth Circuit has instructed is not sufficient for a defendant to carry its burden of proof by a preponderance of the evidence. *See Ibarra*, 775 F.3d at 1199.

Third, as to waiting time penalties, Plaintiff argues that ABM unreasonably assumes that the entire putative class was terminated. *See Mot.* 8. Courts will assume a 100% violation rate in calculating waiting time penalties under § 203 based on language in the complaint suggesting uniform violations and evidence of the number of class members who have left their employment within the class period. *See, e.g.*, *Salcido v. Evolution Fresh, Inc.*, No. 2:14-CV-09223-SVW-PLA, 2016 WL 79381, at *7 (C.D. Cal. Jan. 6, 2016). While ABM has submitted evidence that under its Agreement with Cindys employees stopped performing work in March 2020, the Court agrees with Plaintiff that there is not a reasonable basis to assume without further evidence that every single member of the putative class was actually discharged or quit for purposes of Labor Code § 203, based on the Sotomayor Declaration, alone. For instance, the complaint alleges that Plaintiff "is *still currently employed* as [a] janitor by Cindys." *Compl.* ¶ 4 (emphasis added). The Court simply is not able to assume the number of "former employees" there are, for which penalties under § 203 would be appropriate.

Fourth, Plaintiff takes issue with ABM's calculation of attorneys' fees. ABM assumes a 25% benchmark in attorneys' fees, and calculates $1,134,062.50 based on the total amount of damages. *See Opp.* 19. However, the Ninth Circuit has rejected a per se rule that the amount in attorneys' fees in controversy in class actions is 25 percent of all other alleged recovery. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 796 (9th Cir. 2018). Such a per se rule is inapplicable because "the defendant *must prove* the amount of attorneys' fees at stake by a preponderance of the evidence; we may not relieve the defendant of its evidentiary burden by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4569 PSG (MRWx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Derrell Anderson v. Cindys Cleaning Services LLC et al. | | |

adopting a per se rule for one element of the amount at stake in the underlying litigation." *See id.* (emphasis added). While attorneys' fees must be included in the amount in controversy, "[t]he defendant retains the burden, however, of proving the amount of future attorneys' fees by a preponderance of the evidence." *Id.* at 788; *Arias*, 936 F.3d at 927. Here, ABM has submitted zero evidence to support its 25% estimate. *See Opp.* 18:23–19:19; *see also Reply* 8:4–19 ("Defendant's [estimate] fails to consider that attorney fees may not be available to Plaintiff under certain claims."). Accordingly, this estimate is not supported by preponderance of the evidence and must be discounted. Excluding ABM's estimate of attorneys' fees reduces the amount below $5 million. *See Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175, 1193 (E.D. Cal. 2020).

In sum, ABM relies on a number of assumptions that are pulled from thin air. Absent sufficient evidence to support its calculations, the Court cannot conclude that ABM has carried its burden of establishing federal jurisdiction. The "burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction," here, ABM. *See Abrego*, 443 F.3d at 685. "When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5 million, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra*, 775 F.3d at 1197. When the defendant's assertion is challenged by a plaintiff, "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* While Plaintiff has not put forward evidence to consider, Defendant has not cited the Court to any authority, and the Court is not aware of any, stating that a plaintiff must submit evidence challenging the amount to succeed on a motion to remand. *See Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1120–21 (C.D. Cal. 2016). As Plaintiff argues, Defendant asserts that it is not the employer of the Plaintiff and putative class members, and then makes various assumptions including about employees' rate of pay, number of shifts, and tenure. The lone declaration submitted is sufficient to establish only what ABM paid to Cindys, and information about the Subcontractor Agreement, but it is not sufficient to support ABM's estimates. *See Reply* 4. Unlike the cases ABM relies on, its calculations do not rely on a declaration sufficiently supporting its assumptions. *Cf. Andrade v. Beacon Sales Acquisition, Inc.*, No. CV 19-06963 CJC (RAOX), 2019 WL 4855997, at *3 (C.D. Cal. Oct. 1, 2019) (accepting defendant's proffered declaration of its payroll director, which, based on her review of relevant employment records, provided evidence of the number of non-exempt employees in California, the number of workweeks, and the hourly average rate of pay); *Alvarez v. Office Depot, Inc.*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4569 PSG (MRWx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Derrell Anderson v. Cindys Cleaning Services LLC et al. | | |

CV 17-7220 PSG (AFMX), 2017 WL 5952181, at *2 (C.D. Cal. Nov. 30, 2017) (the figures utilized by the defendant were provided by the declaration of its lead human resources business partner, who supplied the following information: the number of current and former non-exempt employees during the relevant period, the number of workweeks these employees worked, and the average hourly rate of pay); *see also Chavez v. Huhtamaki, Inc.*, No. 2:19-CV-05930 ODW (JEMX), 2020 WL 206931, at *3 (C.D. Cal. Jan. 14, 2020) ("The burden is upon [the removing defendant] to tip the scales in its favor, but it has failed to place sufficient evidence upon the scales."). Ultimately, after considering all of the evidence submitted, the Court cannot conclude that ABM has met its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5 million.

IV. Conclusion

For the foregoing reasons, the Court concludes that Defendant has failed to establish the amount in controversy exceeds $5 million. Accordingly, the Court **GRANTS** the motion to remand. This order closes the case.

**IT IS SO ORDERED**.